# WOODARD AND WIFE v. JAGGERS.

1. ADMINISTRATION: *Fraud. Trust. Administrator purchasing land of intestate.*

An administrator who sells and conveys his intestate's land to his wife for an inadequate price, and occupies and uses it as his own, will be held to have sold to himself, and to hold the land as trustee for the benefit of the heirs, and will be chargeable with the rents and profits, less the value of his improvements on it, and the taxes paid by him, and the price he sold it for if paid into the estate.

2. STATUTE OF LIMITATIONS: *Where trust exist.*

An administrator who purchases for himself, directly or indirectly, the land of his intestate at his own sale, will, so long as he is not discharged from the administration, hold the land as trustee for the heirs, and can not plead the statute of limitations to their suit for it.

APPEAL from *Jefferson* Circuit Court, in Chancery. Hon. JOHN A. WILLIAMS, Judge.

*W. P. & A. B. Grace*, for appellants.

The charges of fraud are all specifically denied, and the burden was on appellees to establish them. *6 Ark., 309; 9 ib., 482; 17 ib., 151; 11 ib., 378; 18 ib., 124; 25 ib., 52.*

But appellees abandoned their charges of fraud.

The probate court is vested with general jurisdiction and specific power to order the sale of lands for the payment of debts. The order in this case was the solemn judgment of a court of competent jurisdiction, and cannot now be collaterally attacked. *19 Ark., 499; 26 ib., 421; 31 ib., 74.*

The lapse of time was equivalent to a confirmation of the sale. *10 Sm. & M., 164; Rover on Jud. Sales, 13, 129; 1 Md. Ch. Dec., 332-3; 3 Metc. (Ky.) 544; 8 How., 547; 64 N. C., 467; 18 Miss., 164; 6 Wis., 410; 43 Miss., 314, 614.*

Appellee's remedy was by appeal. (*Mansf. Dig.*, *sec. 3.*) The claim was stale and barred by the statute of limitations. *Mansf. Dig.*, *secs. 4471-4*.

*J. M. & J. G. Taylor*, for appellee.

The sale by the administrator to his wife was void. *2 Johns. Chy.*, *252*; *4 How.*, *556*; *Rover on Jud. Sales*, *p. 174*, *sec. 415*; *p. 240*, *sec. 574*; *46 Ark.*, *26*.

The sale was void because not confirmed. *34 Ark.*, *346*; *Freeman Void Jud. Sales*, *sec. 41*.

The administration was not closed, so the administrator remained a trustee, and no limitation ever began; there never was adverse holding in the purchaser. She never, in fact, had possession. The administrator paid the taxes and took the rents and profits. *22 Ark.*, *1*; *2 Perry Trusts*, *sec. 863*, *3d Ed.*

COCKRILL, C. J. The appellee, who was the only heir at law of Woodard's intestate, brought suit in the Jefferson circuit court in chancery, to surcharge the accounts of Woodard, as administrator, and to remove a cloud from the title of lands of the estate which he had sold. The first phase of the relief sought has been abandoned, and the second could have been more readily attained by an application to the probate court to refuse to confirm the administrator's sale. It had not been confirmed when the complaint was filed, but a confirmation was had before the hearing, and the cause was allowed to proceed for relief against it as by common consent.

The facts, briefly stated, are these: Woodard, as administrator, sold the land to his wife, at public sale, for a nominal price, and without waiting for a confirmation of the sale, executed a deed to her, went into possession him-

1. ADMINISTRATION: Fraud: Trust, etc.

self, and enjoyed the rents, and also the profits from the sale of the timber growing upon it. At the date of the sale the appellee, who is the administrator's niece, was only ten years of age. She has since resided in a different county, and it appears was never informed, until about the time of bringing her suit in 1881, of the condition of affairs as to the land. Woodard, in the meantime, had kept the administration open, though it does not appear to have been necessary; had not caused the report of the sale to be confirmed, nor had his accounts reporting the expenditure of the purchase price of the land ever been acted upon by the probate court.

2. STATUTE OF LIMITATIONS: Where trust exists.   No title vested by the sale until confirmation (*Apell v. Kelsey, 47 Ark., 413*), and Woodard not having openly renounced, or been discharged from, the execution of the trust he assumed in accepting the appointment as administrator, held the land in trust, and could take no benefit from the statute of limitations. *Brinkley v. Willis, 22 Ark., 1 ; McGaughey v. Brown, 46 ib., 25.*

As he derived the benefits of the sale, and as we judge from his subsequent conduct, must have expected to do so when the lands were sold, the purchase was a violation of his trust. "The policy of the law," as was said in *McGaughey v. Brown, sup.*, which in this respect closely resembles this case, "is to demand so strict an adherence to duty that no temptation to weigh self-interest against integrity can be placed in the trustee's way." This may be regarded then as a purchase by the trustee of the trust estate, and was therefore voidable. The parties in interest, when apprised of the fact of the purchase, had their option to disaffirm it or allow it to stand and take the benefit of it (*McGaughey v. Brown, sup.*), and they could estop themselves by their conduct from disaffirming the purchase. (*Jones v. Graham, 36 Ark., 383.*) But so far

as the record shows, Mrs. Jaggers is free from this objection. She reposed confidence in Woodard as her relative, was not in a position to receive actual knowledge of the facts, and the probate court had never been asked to approve the sale, or to disburse, for the benefit of the estate, the purchase price with which the administrator had charged himself.

The court caused a master to ascertain, and state an account of the rents and other profits derived by Woodard from the land, and allowed him credit for the slight improvements he had made, and for the taxes paid. It is not specifically set forth that he was allowed a credit for the amount of the purchase money of the land (see *West v. Waddill, 33 Ark., 575*); nor is it clear from the record that this money has been actually expended for the benefit of the estate, but the difference between the unchallenged amount reported by the master against Woodard, and the diminished amount with which he is charged in the final decree, is such as to lead us to believe the court must have allowed him a credit for the purchase price; but the plaintiff has not appealed, and as the decree does not exceed the amount for which he should account, it must be in all things affirmed.